JONES, JUDGE:
This claim was filed by Jones Esso Service Station against the State Road Commission, but at the hearing it appeared that by a subrogation agreement the claimant had assigned all but the “fifty dollar deductible” portion of the claim to its insurer, Nationwide Mutual Insurance Company. Accordingly, the Count permitted the insurance company to present its claim for $320.35 of the total damages of $370.35 set out in the petition.
The petition 'alleges that on July 14, 1968, at about 11:00 P.M., on United States Route 219 approximately twelve miles north of Marlinton in Pocahontas County, 'the claimant’s automobile was damaged when if struck a sunken place or dip in the highway and that such damage was the direct proximate result of the respondent’s negligence in failing to properly maintain the road and in failing to 'erect adequate warning signs.
The respondent had dug a ditch across the road about six feet wide for a tile culvert several weeks before the accident and had filled the ditch and tamped it. Witnesses for the respondent testified that the excavated area was inspected during every week day and when necessary, gravel was added to bring the filled strip up to road level, and that “Slow” signs were in place on each Side of the culvert, as well as “Cattle Crossing” signs. The accident occurred on a Sunday night after a weekend of considerable rainfall, and the ditch area had sunk. The depth of the depression was the subject of *118 substantial conflict, the driver of the car, a partner in Jones Esso Service Station, estimating a dip of six to eight inches and the 'respondent’s witnesses contending for a more conservative two to three inches ait the lowest point.
The claimant’s driver testified that at approximately 200 feet and driving at 50 miles per hour, 'he saw an approaching car 'bouncing over this culvert 'as indicated by its headlights. Still he did not see 'the culvert until be was within 20 feet of it and had only two or three seconds to brake his vehicle. He struck the culvert with great force and the car was severely damaged. The driver described the car as an Austin-Healey 3000, a British sportscar, with a road clearance of four to five inches to the rocker panel, only three to four inches to the exhaust system, and having “real stiff suspension” and “not much give”. The damages included a -stoved rear wheel, bent lower control arms and a ruined radiator and fan, a stoved transmission and two ruined wire wheels.
The claimant’s driver testified '.that he 'and his wife looked for 'signs and found none, except for a “Cattle Crossing” sign. The respondent’s witnesses strongly contend that “Slow” signs were in place throughout the existence of the rough culvert crossing. Route 219 is an important, heavily traveled highway, •and according 'to respondent’s witnesses, they received no other complaints during 'the entire time the culvert was under repair. The “bouncing lights” of the approaching vehicle 200 feet away 'should have conveyed some warning to the claimant’s driver, particularly with his knowledge of the susceptibility of his sportscar to hazards which would not affect standard models.
The state is not the insurer of the safety of the roads and highways of the state, and if “Slow” signs were in place, it is the Court’s opinion that the respondent had fulfilled its duty to the traveling public. Conversely, if such signs were not in place, such failure probably would constitute negligence. On this point, the evidence of the contesting panties is in direct conflict, and the Court sees fit to refrain from deciding this question of fact, for the reason that it finds that the claimant’s driver, under all the circumstances, did not exercise due and reasonable care for his own safety. He thereby con *119 tributed to the cause of ‘the claimant's damages and barred recovery. Accordingly, the Court is of opinion to and does hereby disallow this claim.